IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BEKNAZAR AKENOV,

Petitioner,

v.

JACOB WELSH, Sheriff, Chase County;
Field Office Director, ICE ERO;
DAVID VENTURELLA, Acting Director, ICE;
MARKWAYNE MULLIN, Secretary, DHS;
Department of Homeland Security;
TODD BLANCHE, Attorney General;
SIRCE E. OWEN, Acting Director, EOIR; and
Executive Office for Immigration Review,

Respondents.

Case No. 26-3424-JWL

**MEMORANDUM AND ORDER**

Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the petition is **granted in part and denied in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **December 3, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The petition is otherwise denied.

Petitioner, a native of Kyrgyzstan, was paroled into the United States in 2023, and removal proceedings were initiated at that time. On November 2, 2026, immigration officials detained petitioner, and he is presently in custody in this judicial district. On November 5, 2026, petitioner filed the instant habeas action, and the Court ordered briefing

on an expedited basis; respondents have now filed an answer, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003). Respondents have not argued that this Court lacks jurisdiction to consider petitioner's claim.

Petitioner was not recently detained as an alien newly arriving in the United States; rather, he had been present in the United States for a period of years when he was detained. Petitioner argues that, for that reason, his detention does not fall within the scope of 8 U.S.C. § 1225(b)(2)(A), which mandates detention pending removal proceedings, and under which the Government purports to detain petitioner; but instead is governed by 8 U.S.C. § 1226(a), which provides for discretionary release on bond. Petitioner thus claims that his detention without any consideration of his release on bond violates these statutes.

In cases involving the same issue, this Court has rejected the Government's interpretation of these statutes in favor of the interpretation adopted by the overwhelming majority of courts that have addressed the issue, and the Court has ordered relief in the form of a bond hearing under Section 1226(a). *See, e.g.*, *Galdamez Orellana v. Welsh*, 2026 WL 710121 (D. Kan. Mar. 13, 2026) (Lungstrum, J.). The Court has also held that that reasoning applies in the case of an alien, such as petitioner here, who was paroled into the United States and who has pursued an application for asylum. *See Khudyi v. Carter*,

2026 WL 1098197, at *2 (D. Kan. Apr. 23, 2026) (Lungstrum, J.). The Tenth Circuit has now rejected the Government's interpretation as well. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). Respondents concede that the relevant facts of the present case are not materially distinguishable from those in *Khudyi*, and they therefore acknowledge that the reasoning of that case would also apply here. Thus, pursuant to *Santillan Quiroz*, and for the same reasons set forth in that case and in the Court's opinions in *Galdamez Orellana* and *Khudyi*, the Court concludes in this case that the Government may not detain petitioner under Section 1225(b)(2)(A), and that it may therefore detain petitioner pending a final removal decision only under Section 1226(a), which allows for release on bond; and that the Government has therefore violated these statutes by refusing to allow for consideration of petitioner's release on bond under Section 1226(a).[1]

With respect to the relief for this violation, the Court denies petitioner's requests for release or for a bond hearing under particular terms. For the same reasons cited by this Court and by the Tenth Circuit, *see Santillan Quiroz*, 180 F.4th at 1251 n.13; *Galdamez Orellana*, 2026 WL 710121, at *3-4, the Court concludes that the most appropriate remedy for this violation is to require simply that petitioner be granted a bond hearing as if detained under Section 1226(a). *See also Colmenares Silva v. Blanche*, 2026 WL 3118281, at *2 (D. Kan. Oct. 19, 2026) (Lungstrum, J.) (concluding that due process does not require that the Government bear the burden of proof at a bond hearing under Section 1226(a)). Accordingly, the Court orders respondents either to release petitioner or to ensure that

---

[1] In light of this ruling, the Court need not address petitioner's alternative claim in Count II of the petition that his detention without bond consideration violates due process.

petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a), at which petitioner's suitability for release on bond is considered on its merits, on or before **December 3, 2026**.[2]

Petitioner also claims in a separate count that because he was previously released on parole, due process required notice and an opportunity to be heard at or promptly after his re-detention, and he seeks release as a remedy for any such violation. The Court rejected a similar claim in *Singh v. Mackey*, 2026 WL 2823307 (D. Kan. Sept. 21, 2026) (Lungstrum, J.). Petitioner argues that *Singh* is distinguishable because the Court relied in that case on the availability of a bond hearing under Section 1226(a), *see id.* at *2, while in the present case petitioner has been subjected to mandatory detention under Section 1225(b)(2)(A). The Court has declared in this case, however, that petitioner may only be detained under Section 1226(a), and it has ordered that petitioner be granted a bond hearing; thus, as in *Singh*, a bond hearing is available to petitioner. Moreover, in the present case, petitioner's release did not include any "implicit promise" that he would remain at liberty, *see id.*, as his release on parole was expressly limited in duration (as discussed below). The Court therefore denies this claim.

Finally, petitioner claims in another count that if his parole was not automatically terminated without notice in accordance with 8 C.F.R. § 212.5(e)(1), then the termination

---

[2] Respondents have not argued or provided evidence that a hearing could not be conducted within that timeframe. Nor have respondents argued that an immigration judge could not conduct a bond hearing for petitioner on the merits. Although this Court lacks jurisdiction to review an immigration judge's denial of release on bond, *see Chen v. Dorneker*, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021) (Lungstrum, J.) (citing 8 U.S.C. § 1226(e)), it would not be precluded from reviewing an immigration judge's refusal to conduct a hearing based the *Yajure Hurtado* decision by the Board of Immigration Appeals.

of his parole did not comply with the alternative requirements of 8 C.F.R. § 212.5(e)(2)(i). Petitioner's own evidence, however, suggests that his parole was granted for a limited period, and the Government has submitted evidence confirming that petitioner's parole was automatically terminated at the expiration of that period on August 13, 2025. Petitioner appears to concede in his traverse that his parole automatically terminated. The Court therefore denies this claim as well.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted in part and denied in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **December 3, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The petition is otherwise denied.

IT IS SO ORDERED.

Dated this 19th day of November, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge